﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190627-15164
DATE: April 30, 2020

ORDER

Entitlement to service connection for bilateral hearing loss disability is granted.

Entitlement to service connection for tinnitus in the right ear is granted.

FINDINGS OF FACT

1. Resolving reasonable doubt in his favor, the Veteran’s bilateral hearing loss disability is attributable to service.

2. Resolving reasonable doubt in his favor, the Veteran’s tinnitus in the right ear is attributable to service.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss disability have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.385 (2019).

2. The criteria for service connection for tinnitus in the right ear has been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1971 to November 1972.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 rating decision by the Department of Veterans Affairs (VA). 

In a June 2019 VA Form 10182, the Veteran elected Board review of the issues herein through the evidence submission docket under the Appeals Modernization Act (AMA). In an August 2019 Letter, the Veteran was notified that the Board had placed his appeal on the evidence submission docket.

1. Entitlement to service connection for bilateral hearing loss

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.304. To establish a right to compensation for a present disability, a veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service- the so-called “nexus” requirement. See Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz (Hz) is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3. 385.The United States Court of Appeals for Veterans Claims (Court) has held that “the threshold for normal hearing is from 0 to 20 dB [decibels], and higher threshold levels indicate some degree of hearing loss.” See Hensley v. Brown, 5 Vet. App. 155, 157 (1993). The Court, in Hensley, indicated that 38 C.F.R. § 3.385 does not preclude service connection for a current hearing disability where hearing was within normal limits on audiometric testing at separation from service if there is sufficient evidence to demonstrate a relationship between the Veteran’s service and his current disability.

When a Veteran has engaged in combat with enemy forces, VA shall accept as sufficient proof of service connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and to that end, shall resolve every reasonable doubt in favor of the Veteran. See 38 U.S.C. § 1154 (b). Service connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary. See also 38 C.F.R. § 3.304 (d). 

The Veteran contends that his bilateral hearing loss disability is due to his time in Vietnam in the 2nd Armored Division as an Armored Recon Specialist. See October 2018 Statement in support of the claim. Moreover, the Veteran stated that he noticed a loss of hearing while in service. See April 2020 Appellate brief. At the outset, the Board notes that the contentions of in-service noise exposure are consistent with service and applying 38 U.S.C. § 1154 (b), in-service noise exposure is conceded. See Certificate of release or discharge from active duty (DD214). 

The Veteran was afforded a VA examination in February 2019 and December 2018. During these examinations the Veteran was diagnosed with bilateral hearing loss disability for VA purposes. Therefore, a current disability is shown. In regard to the etiology of the bilateral hearing loss disability, the December 2019 VA examiner opined that the Veteran’s hearing loss disability is less than likely than not related to military service. The VA examiner opined that there was no significant/permanent shift in hearing thresholds beyond test variability from entrance to separation, thus the VA examiner concluded that this is objective evidence of no permanent auditory damage on active duty from the conceded noise exposure. 

The Board finds the reasoning provided for the opinion to be inadequate. The VA examiner based their opinion primarily on the fact that throughout the Veteran’s time in service there were normal puretone thresholds without change in sensitivity. However, the fact that there was no hearing loss in service is not dispositive of the issue and an opinion based on this fact is inadequate. See Hensley v. Brown, 5 Vet. App. 155, 159 (1993); Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). 

The Board finds no reason to dissociate the Veteran’s noise exposure in service from his current diagnosis of bilateral hearing loss disability. Since his separation from service the Veteran has only held a career in office settings. See February 2019 VA examination. Accordingly, resolving reasonable doubt in the Veteran’s favor, the Board finds that service connection for bilateral hearing loss disability is warranted. 38 U.S.C. § 5107 (b); 38 C.F.R. §§ 3.102, 3.303, 3.304; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. Entitlement to service connection for tinnitus in the right ear

The Veteran reported that he currently has tinnitus in the right ear in his February 2019 and December 2018 VA examinations. In the case of a wholly lay-observable disability such as tinnitus, the Veteran is competent to report both its onset date and its persistency since that date. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). As such, his report of tinnitus is entitled to significant probative weight. See October 2018 Statement in support of the claim. Therefore, the preponderance of the competent evidence of record indicates that Veteran has a current disability of tinnitus in the right ear. Moreover, concerning the second element of service connection, as above, noise exposure in service has been conceded. 

The February 2019 and December 2018 VA examiners opined that because there were no records of tinnitus complaints while in service, service connection was not warranted. However, the Board notes that the fact that the Veteran did not report tinnitus while in service does not preclude the possibility of recurrent, or periodic, tinnitus. Also, neither VA examiner addressed the Veteran’s reports of limited post-service noise exposure. Nor did either examiner address the Veteran’s report of ringing in his ears since service in Vietnam. See October 2018 Statement in support of the claim. The Board therefore finds that both examinations are inadequate and accords them little probative weight.

As noted above, in service noise exposure is conceded and there is no indication in the record of post-service occupational or recreational noise exposure. There is simply no basis upon which to dissociate the Veteran’s tinnitus in his right ear from his in-service noise exposure. 

Therefore, resolving all doubt in the Veteran’s favor, the Board finds that the competent evidence of record indicates that the Veteran’s tinnitus in his right ear was caused by in-service noise exposure and that service connection is therefore warranted. 38 C.F.R. §§ 3.102, 3.303. 

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Christina Pollonais

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.